BUTLER, Appellee,

v.

BUTLER, Appellant.

[Cite as *Butler v. Butler* (1995), 107 Ohio App.3d 633.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–95–18.

Decided Dec. 5, 1995.

*Christopher T. Carlson,* for appellee.

*Quentin M. Derryberry II,* for appellant.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal by defendant-appellant Tammy S. Butler from a judgment by the Court of Common Pleas of Auglaize County granting plaintiff-appellee Joseph L. Butler's motion for a change of custody designating him residential parent of the parties' minor child, Jessica, born August 8, 1989.

On July 12, 1990, Tammy and Joseph were granted a divorce. By separation agreement incorporated into the decree of divorce, Tammy was designated residential parent. Approximately four years later, on September 8, 1994, Joseph filed his motion for a change of custody. Thereafter, the trial court conducted hearings on four separate occasions. On April 3, 1995, the trial court granted the motion and designated Joseph the residential parent.

It is from this judgment that Tammy now appeals and submits two assignments of error, which are:

"The trial court erred in finding that there was a change of circumstances that warranted inquiry into redetermination of parental rights and responsibilities.

"The trial court abused its discretion in determining that it was in the best interest of the minor child to modify its previous order and designate Appellee the residential parent and legal custodian."

Essentially, Tammy argues that the trial court erred by finding a change of circumstances that warranted inquiry into the parties' existing allocation of parental rights and responsibilities and by finding that it was in the best interests of Jessica to change her residential parent to Joseph.

R.C. 3109.04 states:

"(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * * unless a modification is in the best interest of the child and one of the following applies:

" * * * *

"(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

Division (F)(1) of R.C. 3109.04 specifies some of the factors a court must consider when determining the best interests of a child in a custody matter.

In *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846, 849, the Ohio Supreme Court stated:

"The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct.

"While a trial court's discretion in a custody modification proceeding is broad, it is not absolute, and must be guided by the language set forth in R.C. 3109.04. In addition, the trial court's determination in a custody proceeding is, of course, subject to reversal upon a showing of an abuse of discretion." (Citations omitted.)

An "abuse of discretion" has been defined as a court's unreasonable, arbitrary or unconscionable attitude. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

In *Perz v. Perz* (1993), 85 Ohio App.3d 374, 376–377, 619 N.E.2d 1094, 1096, the Sixth District Court of Appeals addressed a situation very similar to the one here and stated:

"In matters of child custody, the best interest of the child has long been the overriding consideration. * * * However, the legislature has seen fit in change-of-custody actions to erect a barrier that must be hurdled before inquiry can be made on those issues affecting the best interest of the child. That barrier is the initial requirement that there must be a change in the circumstances of the child. This obstacle can best be viewed as the domestic relations version of the doctrine of *res judicata.* That is, there cannot be a constant relitigation of the same issues. There must be some substantial change of a circumstance that is significant to the question of custody before reexamination of the issues is appropriate. The barrier to inquiry into the best interest of the child should be real, but not insurmountable.

"In this case, appellant argues that the passage of time is a sufficient change of circumstances to allow an inquiry into the best interest of the children. Certainly, a child's age would be a "circumstance" that would have had a substantial impact on the court's formulation of the original custody order, as the age of the child is a factor that must be considered when making an original custody order. * * * What becomes for us the gravamen of the situation concerns the extent of the change that must be shown through the passage of time. A literal application of the statute would lead to the conclusion that any change in the child's age

would allow the court to inquire further. A child ages with each passing minute, yet to allow a court to intervene in the life of a family merely because of the passage of an instant would be to remove all meaning from the relevant clause of the statute. In short, such an application would lead to absurd results, and generally courts do not construe statutes to that end. * * * Therefore, we must conclude that the legislature intended something more reasonable—a significant passage of time.

"Here, the children had progressed from infancy to a distinct and considerably different phase of their development. A child's needs change over such a period of time. The type of supervision necessary also changes. A child will change in physical, mental and moral development as the child leaves infancy and enters more advanced stages of life. We find that the passage of such a period of time is a sufficient change of circumstances to warrant a further inquiry into the best interest of the children."

██ Here, the trial court found a change in circumstances that required a further inquiry into the custodial arrangement previously order by that court. Specifically, the court noted that Jessica was now school age, five and one-half years old at the time of the last hearing, and we note that the court's original custody order designating Tammy residential parent was made when Jessica was only eleven months old. The court noted that this amount of time occurred during a significant period in Jessica's life, a period where Jessica went from infancy to educable child. The court also noted other factors indicating a change in circumstances, such as Jessica's relationship with her parents, the relative stability of each parent's life, and the fact that Tammy has had two incidents of unruly behavior requiring involvement by the police since the time of the original custody order.

██ Although we believe that a passage of time, alone, is not sufficient to find a change of circumstances and relitigate the issue of custody, we also believe that passage of time during a significant portion of a child's life, combined with other pertinent factors, such as those presented here, supports a finding of a change of circumstances requiring further inquiry by a trial court. Hence, after reviewing the record here, we find that the trial court did not abuse its discretion by finding a change of circumstances that required a further inquiry by that court.

██ Tammy's second assignment of error asserts that the trial court erred by finding it in Jessica's best interest to modify custody by designating Joseph as residential parent.

After finding a change in circumstances, a trial court may not modify an existing custody order unless it is in the best interests of the child and one of three conditions apply, including whether the harm likely to be caused to the

child by a change in custody is outweighed by the advantages the child may receive because of the change. See R.C. 3109.04(E)(1)(a)(iii).

As noted earlier, R.C. 3109.04(F)(1) requires a trial court to consider certain factors when determining the best interests of a child in a custody matter. Among the factors a court is to consider is the child's interpersonal relationships, the child's adjustment to home, school and community, and the mental and physical health of all persons involved in the custody matter.

Here, evidence presented at hearing shows that Jessica is underdeveloped in several respects for a child her age, that Tammy's temperament is volatile and has caused her to be involved in two physical altercations, and that Joseph would provide a stable environment for Jessica. Based on this evidence, the trial court determined that it was in the best interests of Jessica for Joseph to be designated residential parent and that the harm of such a change of environment is outweighed by the advantages Jessica will receive by the change.

■ Despite appellant's urging otherwise, nothing in the record indicates that the trial court abused its discretion by modifying its previous custody order and designating Joseph residential parent. A trial court's judgment in custody matters enjoys a presumption of correctness. *Miller v. Miller,* 37 Ohio St.3d at 74, 523 N.E.2d at 849. A trial court weighs the evidence and determines the credibility of the witnesses and, ultimately, its decision must be guided by R.C. 3109.04. *Id.* Here, the trial court specifically stated that it considered R.C. 3109.04(F)(1) in reaching its determination that it was in the best interests of Jessica to designate Joseph as residential parent. The record shows that the court heard testimony on four different occasions with sixteen different witnesses testifying, some twice. The court also received nineteen evidentiary exhibits to consider when determining what was in the best interests of Jessica. After reviewing the record and the circumstances presented here, we are unable to find that the trial court abused its discretion by modifying its previous custody order.

Accordingly, appellant's two assignments of error are not well taken.

The judgment of the Court of Common Pleas of Auglaize County is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.