OPINION
This appeal is taken from a final judgment of the Domestic Relations Division of the Portage County Court of Common Pleas. Appellant, Diane Lynn Silvis, appeals from the trial court's denial of her motion to modify a previous child custody order.
Appellant and appellee, Lee Vernon Silvis, were married on December 20, 1989. Two children were born as issue of the marriage: a daughter, Heather, was born in 1988, and a son, Garett, was born in 1992. On February 23, 1996, appellant filed a complaint for divorce on the grounds of gross neglect of duty, extreme cruelty, desertion, and incompatibility. In addition, appellant requested that she be granted temporary and permanent custody of the minor children. Upon filing the complaint, appellant vacated the marital premises and moved in with her mother in Mayfield Heights, Ohio.
On March 5, 1996, appellee filed an answer. Attached to the answer was a cross- complaint in which appellee requested a divorce based on the same grounds put forth by appellant. Appellee also asked for custody of Heather and Garett.
After both parties had filed for divorce, the matter was referred to a magistrate for pretrial hearings. Among the magistrate's orders was that the children should remain with their father in the marital residence during the pendency of the proceedings.
Prior to the hearing on the divorce, the trial court appointed Helen Kravetz ("Kravetz"), a licensed social worker, to conduct a home study of the parties. Kravetz interviewed appellant at her mother's home in Mayfield Heights and interviewed appellee at the marital residence. Following the home study investigation, Kravetz submitted a report to the trial court describing the respective living environments. Thereafter, on July 16, 1996, the divorce case was tried before the court. Both parties were represented by counsel and had the opportunity to testify and introduce evidence at the proceeding.
On July 29, 1996, the trial court granted both parties a divorce on the ground of incompatibility. In doing so, the trial court designated appellee as the residential parent and legal custodian of Heather and Garett. Appellant was given reasonable companionship rights, and such rights were delineated in a standard order of visitation that was attached to and incorporated by the divorce decree. Appellant did not appeal from this judgment naming appellee as the residential parent.
Subsequently, on December 30, 1996, appellant filed a motion for modification of the child custody order. In the motion, appellant detailed various ways in which the best interest of the children would be better served if they resided with her as opposed to appellee. Based on this, appellant requested that the trial court grant her custody of Heather and Garett by naming her as the residential parent.
The trial court conducted hearings on the motion on May 14 and June 16, 1997. Appellant called eight witnesses to testify in her behalf. In addition, appellant also testified, and her counsel cross-examined appellee. Finally, appellant introduced a number of exhibits during the course of the proceedings, including photographs of the parties' respective residences, hospital records relating to emergency room treatment of Garett, grade cards, and day care attendance records.
Upon the conclusion of the hearings, the trial court denied appellant's motion to modify the previous child custody order. In its judgment entry, the trial court concluded that "[a]fter a review and consideration of all the evidence, the Court finds no significant change of circumstances since the Decree of Divorce filed on July 19, 1996."
From this judgment, appellant timely filed an appeal with this court in which she asserts the following assignments of error:
 "[1.] The trial court abused its discretion by rejecting evidence offered by the plaintiff which related to the welfare and best interest of the minor children and which existed prior to the divorce and custody order and which was otherwise unknown to the court, particularly since the custody order was made without sufficient evidence to support it.
 "[2.] The trial court abused its discretion by its finding that there has been no significant change of circumstances since the prior custody order was made and by its overruling of the plaintiff's motion for modification of the prior order relating to custody of the minor children; and that the judgment rendered by the trial court is against the manifest weight of the evidence."
In her first assignment of error, appellant posits that the trial court erred during the hearings on the motion by refusing to admit evidence relating to the best interest of the children that existed prior to the entry of the initial child custody order. Specifically, appellant points to two evidentiary rulings made by the trial court that had the effect of excluding certain testimony from being admitted into evidence.
The first ruling took place during the testimony of Rosemary Broadwater ("Broadwater"). Broadwater lived near appellant and appellee while they were married. At the hearing, counsel for appellant called Broadwater to the witness stand and attempted to inquire into how well appellant interacted with Heather and Garett. Counsel for appellee objected, and the trial court sustained the objection on the basis that the testimony related only to what happened prior to the divorce. Following this, appellant's counsel proffered Broadwater's testimony into the record.
The second incident complained of took place during the testimony of appellant. Upon direct examination, appellant's counsel inquired as to why she left the marital residence without taking the children with her when she filed for divorce. Counsel for appellee lodged an objection which was sustained by the trial court. Appellant's answer to the question was then read into the record as a proffer.
In support of her argument that the trial court erred by not admitting this testimony, appellant refers to R.C. 3109.04. This statute governs the allocation of parental rights and responsibilities in Ohio. It provides in part that the trial court should not modify a prior child custody decree unless it finds, "based on facts that have arisen since the prior decree orthat were unknown to the court at the time of the prior decree," that a change has occurred in the circumstances of the child, the residential parent, or either of the parents subject to a shared parenting decree. (Emphasis added.) R.C. 3109.04(E)(1)(a).
Based on this, appellant argues that she should have had the right to introduce the aforementioned proffered evidence. In essence, appellant claims that little evidence was adduced at the July 16, 1996 divorce hearing that tended to demonstrate whether appellant or appellee would be the better residential parent of the children. Because R.C. 3109.04(E)(1)(a) states that a trial court may consider facts "that were unknown to the court at the time of the prior decree" when deciding a motion to modify custody, appellant maintains that she should have been able to introduce evidence relating to her parenting skills even though it existed at the time of the July 16, 1996 divorce trial.
When considering a request to modify custody, we certainly agree that R.C. 3109.04(E)(1)(a) allows a trial court to consider facts that were unknown to the court at the time of the initial child custody order. In the case at bar, however, appellant was attempting to introduce evidence that she would be the better residential parent for Heather and Garett when she previously had the opportunity to do so at the July 16, 1996 divorce hearing. For whatever reason, appellant did not attempt to present this evidence when the question of custody was adjudicated at the divorce trial.
The decision to admit or exclude evidence relating to appellant's motion to modify custody was within the sound discretion of the trial court. An appellate court will not disturb the trial court's evidentiary rulings absent an abuse of discretion. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In the case sub judice, we do not believe that the trial court abused its discretion by excluding the challenged testimony of Broadwater and appellant that was proffered into the record. By doing so, the trial court was simply attempting to have appellant focus on introducing whatever evidence she had that a change in circumstances had occurred subsequent to the July 29, 1996 divorce decree and attached child custody order. The purpose of conducting the hearings on the motion was to determine the existence of such a change in circumstances in the children or appellee that would warrant a modification of the prior child custody order. The function of this hearing was not to relitigate the initial question of whether appellant or appellee would be a better residential parent. See Dowdle v. Dowdle (Aug. 7, 1997), Harrison App. No. 482, unreported, at 7, 1997 Ohio App. LEXIS 3602 (the parties may not relitigate ab initio custody issues that were previously decided). For this reason, appellant's first assignment is not well-taken.
In her second assignment of error, appellant contends that the trial court erred by denying her motion to modify the prior child custody order because there has been no significant change in circumstances. This proposed error, in other words, challenges the substance of the trial court's denial of the motion to modify the custody arrangement.
R.C. 3109.04(E)(1)(a) governs motions to modify prior decrees Dallocating parental rights and responsibilities. It reads:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
In order for a trial court to modify a prior child custody decree under this section, the party requesting the modification must demonstrate that a change in circumstances has occurred and that the modification is in the best interest of the child.
The trial court's decision in disputes involving the custody of children is accorded deference upon review. In this regard, the Supreme Court of Ohio has stated:
 "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. * * * In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct." (Citations omitted.) Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
Thus, the trial court has broad discretion in allocating the custody of minor children. A court of appeals will not reverse the judgment of the trial court in the absence of an abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418;Miller at 74; Trickey v. Trickey (1952); 158 Ohio St. 9, 14;Butler v. Butler (1995), 107 Ohio App.3d 633, 636. As indicated earlier, an abuse of discretion implies more than simply an error of law or judgment; rather, the trial court's action must have been unreasonable, arbitrary, or unconscionable. Pater v. Pater
(1992), 63 Ohio St.3d 393, 396; Worthington v. Worthington (1986),21 Ohio St.3d 73, 76; Blakemore at 219.
Once a trial court either grants or denies a motion for the modification of a prior child custody order, a reviewing court will sustain that judgment if there is any competent, credible evidence to support it. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus; Ross v. Ross (1980), 64 Ohio St.2d 203, 204 ("This court does not undertake to weigh the evidence and pass upon its sufficiency but will ascertain from the record whether there is some competent evidence to sustain the findings of the trial court."). In applying this standard, an appellate court may not substitute its judgment for that of the trial court. Davis at 418; Trickey at 14.
In the present case, the trial court found that appellant had not satisfied the threshold requirement of demonstrating a change in circumstances, thereby obviating any need for determining whether a modification of the child custody decree was in the best interest of Heather and Garett and whether the harm likely to be caused by a change of environment was outweighed by its advantages. As indicated earlier, the trial court stated in its judgment entry that "no significant change of circumstances" has taken place since the initial child custody order was appended to the divorce decree.
Moreover, absent an abuse of discretion, the trial court's finding on this point met the statutory criteria necessary before it could move on to the second prong of the statutory test, which is the determination of whether the proposed modification in custody would be in the best interest of Heather and Garett.
At the time the original decree was issued by the trial court, appellee was living in what had been the marital residence with Heather and Garett. The marital residence was a two-bedroom townhouse apartment totaling between eight hundred and nine hundred square feet. Thus, when appellee was named as the sole residential parent, there were three people living in the apartment, as opposed to the original four in the family unit. Appellee slept in one bedroom, while Heather and Garett slept in the other bedroom.
The divorce decree and accompanying child custody order were issued on July 19, 1996. At the hearings on the motion to modify custody, appellee testified that his new girlfriend, Renee McPherson ("McPherson"), and her eight-year-old daughter, Ashley, moved into the apartment in October 1996. This increased the number of people living in the apartment from three to five, or from four to five, depending on which time frame is being compared.
Appellee indicated in his testimony that McPherson sleeps with him in one bedroom, while the now nine-year-old Ashley, nine-year-old Heather, and four and one-half year old Garett sleep in the second bedroom. In addition, appellee admitted on cross-examination that the children's bedroom was equipped with only two bunk beds for the three children. As a result, the children are sometimes relegated to doubling up in bed or sleeping on the floor beside the beds.
Upon questioning from appellant's counsel, appellee also conceded that the children often bathe together. Specifically, appellee admitted that Garett not only takes baths with his sister, but he also takes baths with Ashley despite the fact that they are not related. The query posed to the trial court was whether this scenario posed a change of circumstance as contemplated by the statute.
We do not believe the trial court abused its discretion in reaching its decision that it did not constitute a change.
Upon review of the evidence adduced at the hearings on the motion, we find no abuse of discretion. At the outset, we note that the trial court found no significant change in circumstances. R.C. 3109.04(E)(1)(a), however, requires only a finding of a "change in circumstances" before the trial court should proceed to a determination of the best interest of the child when considering a modification to a custody arrangement. The word "significant" does not appear anywhere in the statute.
In Davis, the Supreme Court of Ohio commented upon the opinion of the court of appeals which reversed the judgment of the trial court because the appellate court felt that the testimony before the trial court did not rise to the level of a "substantial change of circumstances." In reversing the appellate court, the Supreme Court held that the court of appeals "appeared to require a higher burden of proof than required by statute." Davis at 418. However, in explanation, the court went on to say that
 "In reality, however, the court of appeals merely seems to substitute its judgment for that of the trial bench, rather than deciding the case on an abuse of discretion standard.
 "Clearly, there must be a change of circumstances to warrant a change of custody, and the change must be a change of substance, not a slight or inconsequential change. The nomenclature is not the key issue." (Emphasis sic.) Id.
In the instant case, we believe the "reality" is that the trial court used the term significant in the same sense that a "change of substance, not a slight or inconsequential change" is used by the Supreme Court of Ohio in Davis.
In its judgment entry denying appellant's motion to modify custody, the trial court ruled that appellee would remain the residential parent and legal custodian of Heather and Garett. The trial court, however, attached certain conditions to its order retaining appellee as the residential parent. One of those conditions read as follows: "The minor male child is to have a separate room and bed and although of tender age, he shall not shower or bathe with the older children." We do not believe the trial court abused its discretion in reaching the decision that it did.
First, the fact that the trial court acknowledged the more crowded living environment of Heather and Garett by conditioning its order does not require the conclusion that there has been a change in circumstances sufficient to require a best interest analysis.
Next, the cohabitation of a residential parent with another person will not be the basis for a modification of a parenting decree unless the cohabitation can be shown to have had an adverse effect on the child such that a modification of custody would be in the best interest of the child. See Kraus v. Kraus (1983),10 Ohio App.3d 63; Wyss v. Wyss (1982), 3 Ohio App.3d 412.
The Davis court stated:
 "`The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.'" Davis at 418, citing Wyss at 416.
As previously explained, we have concluded that the trial court did not err by finding that there has been "no significant change of circumstances" since the divorce decree of July 29, 1996. PerDavis, we perceive this terminology to be equivalent to that of a "change of substance, not a slight or inconsequential change" and thus consistent with the requirement of R.C. 3109.04(E)(1)(a).
As we read Davis and Wyss, we believe that the trial court was correct in determining that when a correctable problem develops in the environment, the custodial parent ought to have an opportunity to correct it before the trial court resorts to more drastic measures. There was no evidence of an emergency in this situation. Clearly, the brother and sister shared a bedroom and likely bathed together prior to the divorce. While we agree with the trial court that it was probably appropriate for such intimacies to cease, we also agree that a simple correction of the physical situation would appear to resolve the problem.
Consequently, there was no abuse of discretion. The trial court was correct in not proceeding to a determination of whether a modification of its prior child custody order would better serve the interests of Heather and Garett.
In summary, we agree that appellant failed to meet her initial burden under R.C. 3109.04(E)(1)(a) of proving a change in circumstances by showing that there has been a material change in the living environment of the children and appellee. Appellant's second assignment is without merit.
Based on the foregoing analysis, neither of appellant's two assignments of error is well-taken. Accordingly, the judgment of the trial court is affirmed.
JUDITH A. CHRISTLEY, PRESIDING JUDGE.
NADER, J., and O'NEILL, J., concur.