Appellant-defendant, Christy Jo Dedic, n.k.a. Christy Jo Miller, appeals from the trial court's order that modified a shared parenting plan. We affirm.
Mr. Dedic and Ms. Dedic were married for approximately three years. On November 28, 1994, Mr. Dedic filed a complaint for divorce, and the trial court granted him a divorce on August 14, 1995. During their marriage, they had one daughter, born on August 23, 1993. In the shared parenting plan, the trial court designated Ms. Dedic as the residential parent. On May 16, 1997, Mr. Dedic moved for modification of the shared parenting plan. The magistrate conducted hearings on July 9, 1997, and September 3, 1997. On September 9, 1997, the magistrate issued a decision that denied Mr. Dedic's motion for modification. The magistrate concluded that any change in circumstances was not substantial enough to warrant a modification. Mr. Dedic filed objections to the magistrate's decision in the trial court and asserted that the magistrate applied the wrong standard by requiring a "substantial" change in circumstances. On December 29, 1997, the trial court reversed the magistrate's decision and modified the shared parenting plan to designate Mr. Dedic as the residential parent.
Ms. Dedic timely appeals and raises a single assignment of error.
 ASSIGNMENT OF ERROR The trial court abused its discretion in sustaining the objections of the [Mr. Dedic], and awarding a change of custody, because the facts presented to the court do not establish a change of circumstances sufficient to warrant a modification of the shared parenting plan.
Ms. Dedic contends that the trial court abused its discretion when it reversed the magistrate's decision because the evidence did not establish a change of circumstance sufficient to warrant a modification of the shared parenting plan pursuant to R.C. 3109.04(E)(1)(a). We disagree.
When a trial court reviews the facts and conclusions of a magistrate's report and discovers that the magistrate has failed to properly determine the facts or appropriately apply the law, a trial court shall reverse or modify the magistrate's report. Inman v. Inman (1995), 101 Ohio App.3d 115, 118. As an appellate court, we review a trial court's decision to adopt, reject, or modify a magistrate's report under an abuse of discretion standard. Wade v. Wade (1996), 113 Ohio App.3d 414,419. Moreover, an appellate court will disturb a trial court's finding of a "change of circumstances" under R.C. 3109.04 only when the trial court abused its discretion in making such a finding. Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. R.C. 3109.04(E)(1)(a) provides in part:
 [A] Court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.
Although a record should reveal a change in circumstances, the Supreme Court of Ohio has concluded that the statute does not require that a "substantial" change in circumstances must be shown. Davis v. Flickinger, supra, at 417 and 421.
This Court has determined that a change in a child's age, the desire of a parent to spend more time with a child, and a de facto modification of a prior holiday visitation schedule did not establish a change of circumstances under R.C.3109.04(E)(1)(a). Jacobs v. Jacobs (1995), 102 Ohio App.3d 568,578-79. Nonetheless, a record demonstrated a change of circumstances under R.C. 3109.04(E)(1)(a) when: (1) a child, who was being home-schooled, received deficient proficiency results on exams, (2) one parent suffered from poor health, and (3) the custodial parent's house was cluttered. See Sayre v.Hoelzle-Sayre (1994), 100 Ohio App.3d 203, 210-11, appeal allowed 70 Ohio St.3d 1426, and appeal dismissed as improvidently allowed 72 Ohio St.3d 1218. The Supreme Court of Ohio concluded that (1) a new school schedule for a child, and (2) evidence that one parent was trying to stop visitation by the other parent sufficiently demonstrated a change in circumstances to support a best interest of the child inquiry under the statute. Davis v. Flickinger, supra, at 420-21. In addition, a change of circumstances was established pursuant to R.C. 3109.04(E)(1)(a) when a record revealed a passage of time during a significant portion of a child's life, and the fact that since the original custody order, the custodial parent had two incidents of unruly behavior that required police involvement. Butler v. Butler (1995), 107 Ohio App.3d 633, 637.
In the case at bar, the record reveals the following: (1) dog feces were found in the child's bedroom, on her sheets, and on her toys, at Ms. Dedic's home; (2) Ms. Dedic had left her three-year-old daughter in the care of her present husband who had fallen asleep on the couch on at least one occasion while taking care of Ms. Dedic's daughter; (3) the police became involved on at least one occasion when Ms. Dedic and her present husband, Mr. Miller, were fighting; and (4) Ms. Dedic had changed her residence at least six times over a period of two years. The record also indicates that Mr. Dedic has been living in the same residence since the divorce. Upon a review of the record, we do not find that the trial court abused its discretion when it found that a change in circumstances had occurred to warrant a best interest of the child inquiry as provided for by R.C. 3109.04(E)(1)(a).
Ms. Dedic's single assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- LYNN C. SLABY FOR THE COURT
BAIRD, J., QUILLIN, J., CONCUR