[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
This is an appeal from an order of the Division of Domestic Relations of the Court of Common Pleas of Seneca County denying a motion for a change of custody. Dianne and Paul Kline were married on August 28, 1981, and two children, Jason and Jennifer, were born as issue of the marriage. The Klines were divorced on July 19, 1990, and Mrs. Kline was awarded custody of their children. Since the divorce, both Mr. and Mrs. Kline have remarried, but their relationship has been strained from time to time by disputes over visitation rights.
On September 30, 1996, Paul Kline filed a motion to modify custody as to Jason Kline, and on August 15, 1997, he amended the motion to include Jennifer Kline, and the cause came on for hearing before a magistrate of the Court of Common Pleas of Seneca County on October 1, 1997, and October 28, 1997. In addition to the testimony of the parties, the magistrate was favored with a home investigation report, a letter from a psychologist, and a transcript of an in-camera interview with Jason and Jennifer Kline.
In a decision rendered on November 3, 1997, the magistrate overruled a number of ancillary motions that had been filed by the appellant, because no evidence had been submitted to support or justify such motions, but as to the primary motion, which dealt with the only issue of any critical consequence in this appeal, the magistrate commented as follows:
 Defendant-movant failed to establish the change of circumstances prerequisite to the determination of modification under Revised Code Section 3109.04 and relied solely on the age of the child, Jason, now in 1997 as related to Jason's age at the time of the divorce in 1990. There was no other evidence of any other changes enumerated in the statute.
Thereafter, the findings and conclusion of the magistrate were approved in the order and judgment of the Common Pleas Court.
In this court, the appellant has set forth two assignments of error as follows:
 1. The court erred when it found appellant had failed to prove a change in circumstances warranting consideration of a modification of parental rights and responsibilities and therefore approved the magistrate's decision and denied appellant's motion to modify parental rights and responsibilities.
 2. The court erred when it failed to consider appellant's motion to modify parental rights and responsibilities and grant a modification of parental rights and responsibilities for appellant's son, Jason.
 With particular reference to the second assignment of error, Mr. Kline places considerable emphasis upon the expressed desire of Jason to spend more time with him and upon the fact that his son has matured from five to twelve years of age since the date of the divorce, but these factors alone are not sufficient to support a motion for a change of custody. In fact, this court held in the comparatively recent case of Butler v. Butler
(1995), 107 Ohio App.3d 633, 669 N.E.2d 291 that the passage of time alone is not sufficient to find a change of circumstances, and for obvious reasons, a child's wishes alone are not paramount or conclusive in the determination of custody issues.
When deciding whether a modification of custody is appropriate, the court should determine three things, (1) whether there has been a change of circumstances (2) whether the modification is in the best interests of the child, and (3) whether the benefits that will result from the change will outweigh the harm that will result from the change. See, In reKennedy (1994), 94 Ohio App.3d 414, 640 N.E.2d 1176. In the present case, the record adequately supports a negative response to all three inquiries.
As observed by the appellant, the evidence does reflect some friction between Jason and Dianne's husband, and the evidence further raises some problems relative to visitation, but as a whole, the record suggests that Mr. And Mrs. Kline should be, and probably are, justifiably proud of the progress of their children in their present environment.
As we see it, therefore, the motion of the appellant was not completely "bare bones", as described by the appellee at the hearing, but the order of the Common Pleas Court was nevertheless well within the outer limits of the discretionary authority granted in such matters. See, Davis v. Flickinger (1997), 77 Ohio St.3d 415,674 N.E.2d 1159; Miller v. Miller (1988), 37 Ohio St.3d 71,523 N.E.2d 846. To be sure, no abuse of discretion, as that term is defined in law, has been shown. See, Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 550 N.E.2d 178.
Accordingly, the judgment of the trial court will be affirmed.
Judgment affirmed.
 BRYANT, P.J., and HADLEY, J., concur.
(KERNS, J., retired, of the Second Appellate Judicial District, sitting by assignment in the Third Appellate Judicial District.)