DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Sandra Moneypenny has appealed from the judgment of the Medina County Common Pleas Court that granted the parties a divorce, divided the marital property, divided custody of the parties' children and ordered Appellee James Moneypenny to pay spousal support in the amount of $50 per month. This Court affirms.
 I.
On January 28, 2000, the Medina County Common Pleas Court granted a divorce to Appellee and Appellant. During their fourteen year marriage, the parties enjoyed four children. Otherwise, their relationship had been tumultuous, with Appellee being twice charged and once convicted of domestic violence. Appellant, on the other hand, left Appellee and their children and was later convicted of driving under the influence and driving while under suspension.
Initially, the trial court's order, eighteen pages in length, set forth its findings of fact. Next, it granted the parties a divorce on the grounds that they had lived separate and apart for over a year. The trial court then named Appellee as the residential parent and legal custodian of the parties' three youngest children, while awarding custody of the eldest child to Appellant. Child support was denied to both parties. Finally, the trial court divided the marital property and directed Appellee to pay Appellant $50 per month in spousal support. Appellant has appealed, asserting two assignments of error.
 II. First Assignment of Error The trial court erred in designating [Appellee] as the residential parent of the younger three of the parties' minor children.
For her first assignment of error, Appellant has raised three separate arguments: (1) because Appellee was convicted of domestic violence, pursuant to R.C. 3109.04(C), the trial court failed to make the requisite, specific finding of fact, to wit: that it would be in the best interest of the three younger children to award Appellee custody; (2) the trial court erred by ordering split-sibling custody of the children without an express finding that such an arrangement would be in the best interest of the four children; and, (3) the trial court erred by not naming her residential parent and awarding her custody of all four children. This Court will address each point in turn.
First, Appellant has argued that the trial court failed to expresslyfind that the custody division was in the best interests of the children as required by R.C. 3109.04(C)(4). Instead, she has claimed that the trial court's order is devoid of any finding as to the best interest of the children with regard to naming Appellee residential parent. R.C.3109.04(C) provides, in pertinent part:
 If the court determines that either parent has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the proceeding, * * *, it may designate that parent as the residential parent and may issue a shared parenting decree or order only if it determines that it is in the best interest of the child to name that parent the residential parent or to issue a shared parenting decree or order and it makes specific written findings of fact to support its determination.
Therefore, the issue is whether the trial court, having found that Appellee was convicted of domestic violence, also found that it was in the best interest of the three younger children to name him residential parent and issued express, specific written facts to support its decision.
It is true that the court must find, pursuant to R.C. 3109.04(C)(4), that when a parent has been convicted of threatening domestic violence, in violation of R.C. 2919.25(C), an award of custody to that parent serves the best interest of the child or respective children. However, Civ.R. 52 states that a trial court's judgment entry may be general unless one of the parties requests separate "findings of fact and conclusions of law." Moreover, when reviewing a trial court's decision, this Court may make assumptions regarding the trial court's consideration of evidence and application of relevant statutory requirements. Sayre v.Hoelzle-Sayre (1994), 100 Ohio App.3d 203, 212, citing Whitmer v. Darrow
(Dec. 26, 1985), Summit App. No. 12130, unreported.
In the present case, the trial court stated that it had considered the factors employed when determining the best interest of the children, namely R.C. 3109.04(F)(1). It also analyzed the evidence presented, including testimony from both parties, the guardian ad litem, a social worker, and other witnesses, which contained sufficient, competent evidence to find that the custody awards were in the best interest of the children. See Sayre, 100 Ohio App.3d at 212. Indeed, the trial court made seventy different findings of fact, and Appellant never invoked Civ.R. 52. This Court may therefore conclude that the trial court followed the dictates of R.C. 3109.04(C)(4) in granting Appellee custody of the younger three of the parties' children and the custody of the eldest child to Appellant.
As for Appellant's second and third arguments, they too must fail. She has argued that the trial court erred by separating the children, awarding custody of three to Appellee and one to Appellant. Specifically, Appellant has argued that (1) the trial court failed to make a finding that it was in the best interest of the children to establish a spilt-sibling custody arrangement, and, (2) in the alternative, if this Court concludes that the trial court did find that such an arrangement was in the children's best interest, the record does not support such a finding and that she should have been given custody of all four children.
The statutory law governing the allocation of parental rights and responsibilities is R.C. 3109.04. Parental rights and responsibilities are to be allocated based upon the best interest of the child. Braatz v.Braatz (1999), 85 Ohio St.3d 40, 43.
Appellant's first assertion is subsumed by the logic employed supra, namely that the trial court's findings of fact and statement that it had considered the "best interest" factors satisfied the statutory requirements. In other words, the trial court's seventy findings of fact, coupled with its invocation of the R.C. 3109.04(F)(1) factors, meets the statutory obligation of allocating parental rights bearing the children's best interest in mind, especially in light of Appellant's failure to move for Civ.R. 52 findings of fact and conclusions of law.
Turning to Appellant's argument that the record does not support the trial court's finding that it was in the best interest of the children to award Appellee custody of the younger three of the four minor children, this Court would observe that a trial court has broad discretion when allocating parental rights and responsibilities. Donovan v. Donovan
(1996), 110 Ohio App.3d 615, 618. Indeed, a trial court's judgment in custody matters enjoys a presumption of correctness and should be accorded the utmost respect. Butler v. Butler (1995), 107 Ohio App.3d 633,638. A reviewing court may not reverse a trial court's custody determination absent an abuse of discretion. Donovan,110 Ohio App.3d at 618. An abuse of discretion implies that the court's decision was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In this case, Appellant has argued that not only should she have custody of the eldest child, but that she should have custody of all four children. In support of this claim, she has directed this Court's attention to the fact that Appellee was convicted of domestic violence, had not established the children with a regular physician, did not encourage them to participate in extra-curricular activities and even failed to ensure that they attended school. In response, Appellee has asserted the trial court ruled properly because Appellant systematically failed to observe the time periods for visitation, returning the children after midnight, the eldest child has academic, behavioral and medical problems, which all may be managed more effectively if she alone is placed with Appellant and Appellant departed from the marital home with no attempt to gain custody of the children for two years. Appellee also claimed that Appellant's criminal convictions, Appellant's desire to move and take all four children to West Virginia and the fact that the eldest child's grades and attendance have not improved during her time with Appellant, all run counter to her claims that she would provide the children a more stable environment. This Court agrees. The trial court's decision was not arbitrary, unreasonable or unconscionable. Appellant's first assignment of error is without merit.
 Second Assignment of Error The trial court erred in its award of spousal support to the [Appellant].
For her second assignment of error, Appellant has challenged the trial court's order of spousal support, claiming that the award is "woefully inadequate." Essentially, Appellant has asserted that despite Appellee's actual annual income of $36,000, his purported earning potential, to wit: $100,000 annually, in relation to her $19,000 actual income, requires a more substantial monthly sum.
Appellee has answered this claim by arguing that he supports a household of four on an income of $36,000 while Appellant provides for a household of two with an income of $19,000. He also pointed out that he has filed bankruptcy and, pursuant to the trial court's order, assumed all marital debts, leaving Appellant without any such liability. Finally, Appellant suggested that, during their marriage, he left his lucrative job selling insurance to open a family business with his wife, which ultimately failed, and that he has not fully recovered financially.
R.C. 3105.18(C)(1) sets forth the factors a court shall consider in evaluating whether an award of spousal support is appropriate and reasonable in a given case. Berthelot v. Berthelot (Apr. 15, 1998), Summit App. No. 18331, unreported, at 8. Among the factors to consider for spousal support are "the relative education and earning abilities of the parties, the duration of the marriage, the standard of living established during the marriage, and the lost income production capacity of either spouse resulting from that party's marital responsibilities."Id.
Ultimately, domestic relations awards must be fair, equitable and in accordance with the law. Mochko v. Mochko (1990), 63 Ohio App.3d 671,675. An appellate court will reverse a trial court's award of spousalsupport only when the lower court has abused its discretion. Blakemore,5 Ohio St.3d at 218. The burden is upon the challenger to prove that the award was unreasonable, arbitrary or unconscionable. Kahn v. Kahn
(1987), 42 Ohio App.3d 61, 66.
In the instant case, this Court discerns no such abuse. This Court concludes that the trial court considered both the relevant circumstances and statutory factors, and, in the end, reached a just result. Appellant's second assignment of error is not well taken.
 III.
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., SLABY, J., CONCUR