OPINION
Defendant-appellant, Stephanie Carter n.k.a. Stepanie Blanton, appeals from the judgments of the Wyandot County Court of Common Pleas, Domestic Relations Division, by which custody of the parties' children was transferred to plaintiff-appellee, Duane Carter, upon his motion for change of custody.
The parties were divorced on August 17, 1995. The divorce decree awarded custody of the parties' two children, Devon Michael Carter, born July 12, 1991 and Courtney Elizabeth Carter, born February 5, 1993, to appellant. On August 11, 1997, appellee filed a motion for modification of custody, requesting custody of the parties' children, or in the alternative, appellee requested that the court adopt his proposed shared-parenting plan. After a hearing held before the magistrate on September 14 and 15, 1998, the magistrate issued her decision recommending a change of custody to appellee. Appellant filed a motion for extension of time to file objections, which the trial court granted.
Thereafter, appellee filed a motion for an interim order pursuant to Civ.R. 53(E)(4)(c). On November 13, 1998, the trial court entered an interim order changing custody effective immediately.[1] Appellant then moved the court for an order staying and/or vacating the interim order. In support of this motion, appellant stated that the court's judgment entry fails to identify the need for immediate relief and that such relief is not warranted in this case. Appellant also requested a hearing be set on the matter. Upon hearing the arguments of counsel, the trial court filed an entry overruling appellant's motion. Appellee filed for an extension of the interim order, and the trial court extended the interim order for an additional twenty-eight days.
On December 24, 1998, appellant filed her objections to the magistrate's decision and, on January 11, 1999, the trial court overruled appellant's objections and entered its judgment affirming and approving the magistrate's decision. On January 12, 1999, appellant filed a request pursuant to Civ.R. 52 that the trial court issue findings of fact and conclusions of law as to its decision. The trial court ordered the parties to submit proposed findings of fact and conclusions of law. Then, on January 25, 1999, appellant filed a motion for a new hearing pursuant to Civ.R. 59. Both parties submitted proposed findings of fact and conclusions of law, and, on February 8, 1999, the court filed its findings of fact and conclusions of law essentially adopting those submitted by the appellee, which noted many of the same findings contained in the magistrate's decision. On March 4, 1999, appellant's motion for new trial was overruled.
Appellant now appeals from the trial court's judgment entries of January 11, February 8, and March 4, 1999, presenting four assignments of error. Preliminarily, we note that appellee maintains that this appeal was only timely filed as to the March 4, 1999 entry. "When a timely motion for findings of fact and conclusions of law has been filed in accordance with Civ.R. 52, the time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law." Walker v. Doup (1988), 36 Ohio St.3d 229, syllabus; see, also, App.R. 4(B)(2). It follows then that the trial court's order journalized on January 11, 1999 was not a final appealable order. In addition to requesting findings and conclusions, on January 25, 1999, appellant also filed a "motion for new hearing" pursuant to Civ.R. 59. We note that the trial court considered appellant's motion as a Civ.R. 59 motion for new trial and denied the same. See Entry of Trial Court March 4, 1999; First Bank of Marietta v. Mascrete, Inc. (1997), 79 Ohio St.3d 503. App.R. 4(B)(2) provides for suspension of the running of the thirty-day appeal time when a party files a Civ.R. 59 motion for new trial and therefore, we find appellant could only timely file a notice of appeal within thirty days of the judgment entry denying a new trial.
Appellant's first and third assignments of error are related and will be considered together. They provide as follows:
 The trial court erred to the prejudice of appellant in modifying parental rights and responsibilities when the statutory requirements of O.R.C. 3109.04(E) (1)(a) were not satisfied.
 The findings of fact and conclusions of law filed by the court were contrary to law in that they were not supported by O.R.C. 3109.04(E)(1)(a) and the rights of the appellant were prejudiced as a result.
Modification of parental rights and responsibilities is governed by R.C. 3109.04(E). Division (E)(1)(a) of this statute states:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
* * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
In its entry overruling objections to the magistrate's decision, the trial court stated:
 The Court has carefully reviewed said Magistrate's Decision, the transcript of the proceedings and exhibits; and based thereon, the Court finds that there is substantial, probative evidence upon which the Magistrate could base her Decision[.]
In entering its findings and conclusions as to that decision, the trial court found that a change of circumstances has occurred, and that a change of the children's custody to the appellee is in the best interests of the children. The court also found that the harm likely to result from the change of their environment is outweighed by the advantages to the children that the change is likely to produce.
When reviewing a trial court's determination to modify custody, its decision is subject to reversal only upon a showing that the trial court abused its discretion. Masters v. Masters
(1994), 69 Ohio St.3d 83, 85. "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect[.] * * * In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed incorrect." Miller v. Miller (1988), 37 Ohio St.3d 71, 74. "Moreover, judgments in child custody cases which are supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the weight of the evidence." Musson v. Musson (June 10, 1998), Hardin App. No. 6-98-01, unreported, at *2, citing Bechtolv. Bechtol (1990), 49 Ohio St.3d 21, 550 N.E.2d 178.
Keeping in mind that the thrust of both the first and third assignments of error essentially relate to the sufficiency and weight of the evidence, and also to the trial court's findings, to meet the statutory requirements set forth in R.C.3109.04(E)(1)(a), we turn to the record to determine the merit of both assignments of error.
Concerning the first determination under R.C.3109.04(E)(1)(a), appellant submits that there have been some changes in the lives of her and her children; however, she contends that these changes have neither been detrimental to the children nor are they sufficient to warrant a modification of custody. In Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418, the Ohio Supreme Court explained that the change must be a "change of substance, not a slight or inconsequential change." An appellate court may not disturb a trial court's finding of a "change in circumstances" under R.C. 3109.04 unless the trial court abused its discretion in making such a finding. Id. at paragraph one of the syllabus.
Here, the record reveals the following has occurred since the parties' divorce: (1) appellant and the children had moved from her parents' residence to an apartment; (2) appellant had been married to Norman Duffman, borne another child, and is now divorced; (3) appellant became unemployed; and (4) the children have started their school education. The trial court made similar findings before it concluded that a significant change of circumstances was established pursuant to R.C. 3109.04(E)(1)(a). The record and the court's findings of fact also indicate that appellant was supporting herself and her children, including the child fathered by Duffman, by means of the child support she receives from appellee and food stamps. Although any one of those factors, by itself, might not suffice to constitute a change of circumstances under which modification of custody may be considered, the cumulative impact of those factors supports a finding of a change of circumstances warranting further inquiry into whether the best interest of the children would be served by a change of custody. See Butler v. Butler (1995), 107 Ohio App.3d 633,637.
Concerning the second determination under R.C.3109.04(E)(1)(a), R.C. 3109.04(F)(1) sets forth a nonexclusive list of factors which a trial court must consider in determining the best interests of the children. The trial court, when it filed its findings and conclusions, considered the following factors:
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court[.]
Appellant argues on appeal that the R.C. 3109.04(F)(1) factors were not fully considered in determining the children's best interests. In her nine-page proposed decision and recommendation, the magistrate made a number of factual findings pertinent to the best interests of the children. It is apparent that the magistrate placed much importance on the fact that appellant has associated with heavy drinking, volatile males while the children have been in her custody. Appellant testified that the police were called on several occasions regarding difficulties she had with Duffman. Appellant also called the police because of Benjamin Herrera's objectionable acts. Although Herrera testified that he was not "drinking as much," the magistrate found that appellant's continued association with him jeopardizes the emotional security of her children. Herrera stated that he frequents appellant's residence a couple times per week. The magistrate attempted to substantiate how the appellant's association affected the children with two statements by the parties' oldest child, Courtney, contained in the psychological evaluation submitted by the psychologist. Courtney stated that she became scared when "sometimes Benji fights my mommy." She also expressed concern regarding "past incidents of conflict and anger on the part of her mother and mother's boyfriend." Coupled with these incidents, a police officer testified that he was called on at least two occasions to appellant's residence to control domestic disputes involving her relatives. From the trial court's decision, it is apparent that an unstable, unsafe and frightening home environment was a decisive factor in the best interests of the children.
Regarding other factors considered, the trial court's reason for finding that appellant simply chose not to work to help support her family appears to have been influenced by the fact that appellant's panic attacks stemmed from family deaths approximately one and one-half to two years prior to the hearing before the magistrate. We also note that appellant's argument on appellee's mental health issues essentially asks this court to reweigh the evidence probative of appellee's use of alcohol due to his conviction for driving under the influence.
It is well settled that the standard of review in custody cases is abuse of discretion. See Masters, supra. The magistrate in this case noted that the diagnostic tests and clinical interviews indicated that appellee had no chemical dependency and also noted that appellee indicated that he does not drink when the children are around. Further, there was evidence in the record tending to support the magistrate's finding that "while appellee is dedicated to work, it does not appear to be at the expense of his children." It is apparent from our review that the trial court considered all of the relevant factors set forth in R.C.3109.04(F)(1) which support a finding that changing custody is in the best interests of the children.
Finally, we note that the magistrate concluded that despite the drawbacks that are potential in awarding residential parent status to appellee, "the stability, routine, and structure [appellee] is willing [to] provide will do more to promote the best interest of the children and their development." However, appellant alleges that the trial court has completely ignored the evidence before it in the psychologist's report submitted to the court about potential harm to Courtney by a change of custody to appellee. Notwithstanding the potential negative effect on Courtney, the trial court could have reasonably concluded that the potential harm in such a change was outweighed by the advantages of a change in environment. The psychologist's evaluation did not take into account the standards set forth in R.C. 3109.04(E)(1)(a) for a change in custody, including the best interests of the children, to which the trial court is subject.
Having thoroughly reviewed the entire record of the trial court proceedings, we find that there was competent, credible evidence before the trial court to accept the magistrate's decision and to order the change. We also conclude that there was sufficient evidence upon which the trial court could base its findings. Appellant's first and third assignments of error are overruled.
For her second assignment of error, appellant asserts:
 The trial court erred by granting an interim order while the transcripts were being prepared thereby causing the premature removal of the children from their mother's home without a need for immediate relief as required by Ohio Civ.R. 53(E)(4)(c).
Appellant contends that the trial court erred when it granted the interim order absent a showing that immediate relief was justified in this case, contrary to Civ.R. 53(E)(4)(c).
Pursuant to Civ.R. 53, the trial court may make an interim order on the basis of a magistrate's decision where immediate relief is justified. We cannot say that the court abused its discretion in entering the interim order. The circumstances here appear to be of sufficient immediacy and reality to warrant immediate relief. Furthermore, as indicated above, the trial court eventually overruled appellant's objections, thus rendering the matter of the interim orders moot. See Cottrell v. Cottrell
(Aug. 1, 1994), Licking App. No. 94-CA-44, unreported; Ahlstrom v.Ahlstrom (Dec. 31, 1986), Franklin App. No. 86 AP — 641, unreported. Accordingly, appellant's second assignment of error is overruled.
For her last assignment of error, appellant asserts:
 The trial court erred to the prejudice of the appellant by overruling her motion for a new hearing due to the fact that the motion established sufficient grounds to warrant a new hearing.
Appellant moved for a new hearing on grounds that the judgment affirming the magistrate's decision was not sustained by the weight of the evidence, the judgment was contrary to law, and on the basis of newly discovered evidence.
On March 4, 1999, the trial court entered its judgment entry overruling appellant's motion for a new trial. Civ.R 59 governs a motion for a new trial and provides in pertinent part:
 (A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (6) The judgment is not sustained by the weight of the evidence; * * *
(7) The judgment is contrary to law;
 (8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial[.]
Appellant first contends that the modification of parental rights and responsibilities in this case was not sustained by the weight of the evidence. When a motion for a new trial is based on a claim that the judgment is not sustained by the weight of the evidence, the trial court must engage in a limited weighing of the evidence and pass upon the credibility of the witnesses to determine whether manifest injustice has been done and that the verdict is against the manifest weight of the evidence. Rohde v.Farmer (1970), 23 Ohio St.2d 82, paragraph three of the syllabus. The granting or denying of a motion for a new trial based on the sufficiency of the evidence will not be reversed on appeal absent an abuse of discretion by the trial court. Id. paragraph one of the syllabus. Having thoroughly reviewed the record in this case, we find that competent, credible evidence supported the trial court's decision on the issue of modification.
Appellant secondly contends that the decision regarding custody was contrary to law. The record must support each of the three determinations as provided for by R.C. 3109.04(E)(1)(a) or the modification of child custody is contrary to law. Thatcher v.Thatcher (Oct. 6, 1997), Mercer App. No. 10-97-08, unreported, citing Davis v. Flickinger, 77 Ohio St.3d at 417. Based on our review of the record of this case, we conclude that the trial court's judgment was not contrary to law nor was it unreasonable, arbitrary, or unconscionable.
Lastly, appellant contends that the trial court erred in overruling her motion for a new hearing based on newly discovered evidence. Appellant argues that such evidence includes the following factors: (1) appellee's drinking problem continues to exist; (2) appellee's excessive work schedule exhibited immediately after the hearing; and (3) appellee has not been meeting the medical needs of their daughter.
In order to grant a motion for new trial based on the ground of newly discovered evidence, it must be shown that (1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it has been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it is material to the issues, (5) it is not merely cumulative to former evidence, and (6) it does not merely impeach or contradict the former evidence.Sheen v. Kubiac (1936), 131 Ohio St. 52, paragraph three of the syllabus. See State v. Dowell (Mar. 5, 1991), Crawford App. No. 3-90-34, unreported, at *2.
Upon review of the record in this case, we cannot say that this alleged new evidence would probably change the result of the hearing herein because we already have in the record the testimony of the appellee's employer concerning his work schedule and probative evidence of appellee's use of alcohol, and the appellant admits any new evidence is an attempt to merely impeach or contradict the former evidence presented by appellee.
Accordingly, appellant's fourth assignment of error is overruled. The judgments of the trial court are affirmed.
Judgments affirmed.
HADLEY and WALTERS, JJ., concur.
[1] We note that Civ.R. 53 was amended effective July 1, 1998. Here, the current version of the rule applies because the instant action was then pending and it would not work injustice in this case. See Civ.R. 86(V). Thus, for purposes of this appeal, we will the treat the judgment entry as if it were granted under section (E)(4)(c) of the amended rule, rather than section (E)(7) as stated in the trial court's entry. Nonetheless, we note that both provisions required "immediate relief" to grant an interim order.