OPINION
These appeals are taken from final judgments of the Domestic Relations Division of the Lake County Court of Common Pleas. Appellant, Alfred Rowe, appeals from the trial court's refusal to modify a previous child custody order.
Appellant and appellee, Rachelle Rowe, were married on June 9, 1984. Two children were born as issue of the marriage: a son, David, was born April 8, 1987; a daughter, Cassandra, was born on January 13, 1991.
In May 1994, the parties submitted a joint petition for dissolution of the marriage. A separation agreement was attached to the petition. Pursuant to the terms of the written agreement, the parties stipulated that appellee would have the care and control of David and Cassandra. The separation agreement called for appellant to have visitation with the children on alternating weekends, alternating Wednesdays, various holidays, and four weeks during the summer.
On July 14, 1994, the trial court issued a decree of dissolution whereby it dissolved the marriage contract between the parties. In doing so, the trial court ordered the terms of the separation agreement into execution, thereby establishing appellee as the residential parent.
This parenting arrangement continued without challenge for nearly three years. On April 16, 1997, however, appellant filed a motion to modify custody.[1] Pursuant to the motion, appellant claimed that there had been a change in circumstances affecting David and Cassandra since the 1994 dissolution such that it would be in the children's best interest to reallocate parental custody.
The trial court held hearings on the motion to modify custody on December 29 and 30, 1997 and January 2, 1998. Both parties were represented by counsel and testified during these proceedings. In addition, appellant called various other witnesses in an effort to support the requested modification of the parenting arrangement. They included appellant's present spouse, his uncle, his brother, a friend, David's previous third and fourth grade teachers, and the children's current school principal. Appellee testified on direct and cross-examination, but did not call any other witnesses or introduce any other evidence.
Following the hearings, the trial court took the matter under advisement. Thereafter, on March 6, 1998, the trial court issued a lengthy judgment entry in which it denied the motion to modify custody. In doing so, the trial court set forth extensive findings of fact and conclusions of law which explained its reasons for overruling appellant's request to reallocate residential parent status. In essence, the trial court's decision was predicated on its conclusion that there was no compelling reason to alter the residential placement of David and Cassandra, thereby obviating any possibility that a modification in custody would further the best interest of the children.
Appellant responded by filing a motion for a new trial pursuant to Civ.R. 59. Instead of waiting for a ruling, however, appellant then filed a notice of appeal from the March 6, 1998 judgment denying his motion to modify custody. Since there was now an appeal pending, appellant filed a motion requesting that this court remand the matter for the purpose of allowing the trial court to rule on the Civ.R. 59 motion for a new trial. We granted the motion, and the case was remanded for thirty days.
The trial court conducted a hearing on the Civ.R. 59 motion, after which it denied the request for a new trial by judgment entry on June 10, 1998. From this judgment, appellant filed a second notice of appeal with this court. The appeals have been consolidated for all purposes. Appellant now asserts the following assignment of error:
 "The trial court erred when it failed to modify the order for allocation of parental rights and responsibilities to alter the residential parent."
In his lone assignment of error, appellant contends that the trial court erred by denying the motion to modify custody. By doing so, appellant challenges the substance of the trial court's decision not to accord him the designation of residential parent. Appellee did not file a brief in response.
R.C. 3109.04(E)(1)(a) governs motions to modify prior decrees allocating parental rights and responsibilities. It reads:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
In order for a trial court to modify a prior child custody decree, therefore, the party requesting the modification must demonstrate the following: (1) a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree; (2) the requested modification is necessary to serve the best interest of the child; and (3) one of the three scenarios described in R.C. 3109.04(E)(1)(a)(i) through (iii) is applicable.
It should be noted that the nonresidential parent may not use a motion to modify custody to relitigate the question of whether the father or the mother would be a better residential parent. Silvisv. Silvis (Mar. 27, 1998), Portage App. No. 97-P-0071, unreported, at 3, 1998 WL 156897. In other words, the parties may not relitigate ab initio custody issues that were previously decided.Dowdle v. Dowdle (Aug. 7, 1997), Harrison App. No. 482, unreported, at 7, 1997 Ohio App. LEXIS 3602.
Indeed, the best interest of the child is the paramount concern in any child custody case, regardless of whether it is an original proceeding or a proceeding to consider a modification of a prior custody order. Chavez v. Sanderson-Chavez (Mar. 31, 1999), Lake App. No. 98-L-037, unreported, at 7, 1999 WL 262170; In re Byerly
(Sept. 30, 1998), Portage App. Nos. 97-P-0096 and 97-P-0097, unreported, at 5, 1998 WL 684178. In determining the best interest of children, the trial court must consider all relevant factors, including, but not limited to, those factors enumerated in R.C. 3109.04(F)(1). This statute is written broadly, thereby requiring the trial court to consider all factors that affect the best interest of children. Only in this way can the trial court make a fully informed decision regarding the allocation of parental rights and responsibilities.
The trial court's decision in disputes involving the custody of children is accorded deference upon review. In this regard, the Supreme Court of Ohio has stated:
 "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. * * * In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct." (Citations omitted.) Miller v. Miller (1988), 37 Ohio St.3d 71, 74. See, also, Pater v. Pater (1992), 63 Ohio St.3d 393, 396.
Thus, the trial court has broad discretion in allocating the custody of minor children. A court of appeals will not reverse the judgment of the trial court in the absence of an abuse of discretion.Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418;Miller, 37 Ohio St.3d at 73-74; Trickey v. Trickey
(1952), 158 Ohio St. 9, 14; Butler v. Butler (1995),107 Ohio App.3d 633, 636; Silvis v. Silvis (Mar. 27, 1998), Portage App. No. 97-P-0071, unreported, at 11, 1998 Ohio App. LEXIS 1267. An abuse of discretion implies more than simply an error of law or judgment; instead, the trial court's action must have been unreasonable, arbitrary, or unconscionable. Pater,63 Ohio St.3d at 396; Worthington v. Worthington (1986), 21 Ohio St.3d 73,76; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Once a trial court either grants or denies a motion for the modification of a prior child custody order, a reviewing court will sustain that judgment if there is any competent, credible evidence to support it. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus; Ross v. Ross (1980), 64 Ohio St.2d 203, 204 ("This court does not undertake to weigh the evidence and pass upon its sufficiency but will ascertain from the record whether there is some competent evidence to sustain the findings of the trial court."). In applying this standard, an appellate court may not substitute its judgment for that of the trial court. Davis,77 Ohio St. 3d at 418; Trickey, 158 Ohio St. at 14.
In the case sub judice, appellant moved to modify the prior custody order whereby the trial court ordered that appellee would be the residential parent of David and Cassandra as the parties had previously set forth in the separation agreement. During the course of the hearings on the motion to modify custody, appellant presented evidence on a number of fronts as to why the children's best interests would be served by altering their residential placement. The primary arguments advanced by appellant can be summarized as follows: (1) appellant and his new wife live in a superior neighborhood than appellee; (2) the children suffer from poor hygiene as a result of appellee's inadequate supervision in this regard; and (3) David has exhibited below average academic performance while living with his mother.
On appeal, appellant offers these same reasons as proof that the trial court abused its discretion by overruling his motion to modify custody. As a result, we must ascertain whether there was competent, credible evidence to support the trial court's judgment.[2]
With respect to the first issue, appellee and the children live on the east side of Cleveland, Ohio in the parties' former marital residence. Appellant and appellee purchased the house in the early 1980s and jointly occupied the premises until they separated in 1993. David and Cassandra have lived their entire lives in this home. Appellant, meanwhile, remarried following the dissolution of his marriage to appellee. He and his new wife reside in a two-bedroom house in Painesville, Lake County, Ohio.
While appellant implies that he and his new wife live in a better neighborhood than appellee, the trial court found that this was not a valid basis upon which to justify the alteration of the prior custody arrangement. We agree. The trial court cogently noted that appellee lives with David and Cassandra in the same house in the same Cleveland neighborhood where the family resided during the course of the parties' marriage. Appellant and appellee, in other words, jointly chose this neighborhood in which to raise a family. One of the reasons the parties selected that area of Cleveland was its proximity to appellant's very own family. The evidence demonstrated that appellant's parents and brother continue to live in the same neighborhood only minutes away from appellee and the children.
Moreover, the trial court also found that there was no evidence that David and Cassandra had ever been injured or subjected to any particular danger while living in that part of Cleveland with their mother. The trial court found that the children were able to play and ride their bicycles around the neighborhood subject to the supervision of appellee.
Thus, the trial court correctly rejected the locality argument advanced by appellant. The fact that appellant and his new wife may have established a home in a nice neighborhood of Painesville is not a sufficient basis upon which to modify the prior custody order.
The second argument advanced by appellant in the trial court and this court has to do with the children's hygiene. During the hearings on the motion, appellant and his new wife testified that David and Cassandra were frequently dirty, had body odor, and were in need of bathing when appellant picked the children up for his scheduled visitation. Appellant, however, acknowledged that he usually picked the children up at school on Friday afternoons for weekend visitation after David and Cassandra had just been through an entire day of activity.
Appellee denied that the children have hygiene problems. Beyond this, David's fourth grade teacher testified that she had never seen him arrive at school exhibiting any signs of body odor, bad breath, or general dirtiness. The elementary school principal also indicated that he saw David and Cassandra on a daily basis, but he had never seen the children wear improper clothing or exhibit any indicia of poor hygiene.
It was undisputed that Cassandra contracted head lice in 1997. The principal, however, testified that many other children in the school suffered from head lice during the same time period. It is common knowledge that if even one student in a class contracts head lice, that student may infect some of his or her classmates given the close confines in which school-aged children interact. Based on the principal's testimony that numerous other students had head lice during the same time frame, the trial court obviously did not deem this to be a complete reflection of Cassandra's hygiene. Moreover, the evidence demonstrated that appellee took the necessary steps to eradicate Cassandra's problem with head lice.
 The trial court accorded more weight to the observations of the school officials than the testimony provided by appellant and his new wife. Consequently, the trial court concluded that appellee had not been neglecting the children's hygiene or allowing them to dress in improper attire. It is well-established that the weight to be given evidence and the credibility of witnesses are primarily for the trier of fact to decide. Ward v. Ward (June 26, 1998), Lake App. No. 97-L-165, unreported, at 16, 1998 Ohio App. LEXIS 2934. See, also, State v. DeHass (1968), 10 Ohio St.2d 230, paragraph one of the syllabus. Given this, we certainly can not disagree with the trial court's conclusion based on the testimony adduced at the hearings.
 The final ground upon which appellant maintained that a change in custody was warranted was David's poor academic performance. At the hearings on the motion, it was established that David was receiving C's, D's, and F's as he progressed from the second grade through the fifth grade. Appellant claimed that David could potentially be a B student if appellant had the opportunity to spend more time with his son by being designated as the residential parent.
The trial court, however, noted that David received F's in various school subjects during the first grade while appellant was still living in the marital home. Thus, David's academic performance was lackluster from the start.
Beyond this, there was no indication that appellant had attended any parent/teacher conferences or school functions since the dissolution of the marriage. The trial court also found that appellant had done little to assist David with homework, despite the fact that he picked his son up immediately after school on alternating Wednesdays and Fridays for scheduled visitations. Finally, there was evidence to suggest that David simply did not have the innate intellectual ability to be a B student and, therefore, was performing as well in school as could reasonably be expected. In light of all the evidence, there was ample support for the conclusion drawn by the trial court that David's below average academic performance was not attributable to poor parenting by appellee.
In the end, the trial court denied appellant's motion to reallocate custody of David and Cassandra. In doing so, the trial court never expressly reached the threshold question of whether there had been a change in circumstances of either appellee or the children. Instead, the trial court focused on the other two mandates of R.C. 3109.04(E)(1)(a), to wit: whether the requested modification was necessary to serve the best interest of the children and whether the harm likely to be caused by a change of environment would be outweighed by the advantages of such a change to David and Cassandra.[3] The trial court answered both queries in the negative.
Upon review, it is obvious that the trial court's decision did not constitute an abuse of discretion. Even assuming arguendo
that the threshold requirement of a change in circumstances was satisfied, appellant did not demonstrate that the modification in custody was necessary to serve the best interest of the children and that the advantages of a change in their residential placement would outweigh the concomitant harm of uprooting David and Cassandra from their home, school, and friends as established in Cleveland. There was competent, credible evidence to support the trial court's judgment.
Based on the foregoing analysis, the assignment of error is without merit. Accordingly, the judgment of the trial court is affirmed.
FORD, P.J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] For simplicity's sake, we use the term "custody" as a shorthand designation for the allocation of "parental rights and responsibilities" as that phrase is currently employed in the Revised Code.
[2] As an aside, we would note that the trial court's judgment entry was twenty-seven pages in length and included exhaustive findings of fact and conclusions of law. Given such a detailed recitation of the evidence, there is very little this court can add that was not previously addressed by the trial court.
[3] The trial court correctly concluded that appellee had not agreed to a change in the residential parent and that the children had not been integrated into appellant's new family other than on a limited visitation basis. This left R.C.3109.04(E)(1)(a)(iii) as the only viable possibility.